UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Mark Matthew Erjavec,

Debtor.

Chapter 7
Case No. 26-41492

---

Kristin Property Matters, LLC,

Plaintiff,

vs.

Mark Matthew Erjavec,

Defendant.

Adv. No. 26-04121

---

**SCHEDULING ORDER AND ORDER FOR TRIAL**

---

This matter came before the court for a status conference on October 14, 2026. The complaint commencing this proceeding was filed on July 19, 2026. The answer was filed on September 4, 2026.

**IT IS ORDERED:**

1. On or before November 6, 2026, the defendant shall file a statement pursuant to Fed. R. Bankr. P. 7012 regarding consent to entry of final orders or judgment by the bankruptcy court.

2. The parties will participate in pre-trial mediation as set forth by separate order.

3. All discovery shall be concluded no later than January 4, 2027, unless an extension is granted upon motion to the Court. If exigent circumstances related to criminal proceedings arise for the defendant, the defendant may, in lieu of bringing a motion, contact the Courtroom Deputy directly by phone at 612-664-5274 to advise the Courtroom Deputy of the circumstances requiring modification of deadlines. Otherwise, sanctions will be imposed upon a party and counsel who are found to have abused or misused discovery. Sanctions will be imposed in the minimum amount of $500.00, and may be imposed in amounts of $1,000.00 or more.

4. All nondispositive motions, including motions relating to discovery, shall be filed on or before January 8, 2027.

5. All dispositive motions shall be filed on or before February 3, 2027.

6. Inapplicability and Applicability of Disclosure Requirements. The provisions of Fed. R. Civ. P. 26(a)(1), (initial disclosure), 26(a)(3) (pretrial disclosures), and 26(f) (formal pre-discovery conference) shall not apply to this adversary proceeding. The provisions of Fed.

R. Civ. P. 26(a)(2) (disclosure relating to expert witnesses) shall apply. If any party contemplates the use of an expert witness, its counsel shall file notice thereof by November 9, 2026. After the filing of any such notice, any participating party may request a status conference to address the timing of expert witness disclosure, if the parties cannot resolve the issues consensually. That conference will be conducted telephonically.

7. The trial is scheduled for one day unless a written request for a longer trial is made, with explanation, in advance of the deadline for dispositive motions.

8. A pretrial may not be scheduled unless the trial requires more than one day or a written request is made, with explanation, by either party in advance of the deadline for dispositive motions.

9. **This proceeding is set for trial in Courtroom 8 West, United States Courthouse, 300 S. 4th St., Minneapolis, MN 55415 on March 30, 2027 at 10:00 A.M.**

10. On or before March 9, 2027, all parties are expected to confer and shall enter into stipulations as to the following:

    a. Waiver of objections to the admissibility of exhibits on the grounds of lack of identification or foundation where the identification or foundation is not to be contested;
    b. Waiver of objections to the admissibility of depositions proposed to be offered in evidence, if any;
    c. Facts not in dispute. This stipulation shall be reduced to writing in a form which can be adopted by the Court as Findings of Fact.

**At this conference, counsel shall exchange copies of each exhibit intended to be introduced and relied upon at trial. The exhibits shall be pre-marked as required in paragraph 11.d. of this Order**

11. On or before March 12, 2027, the parties shall prepare, serve and file the following:

    a. The stipulations regarding admissibility of exhibits and depositions;
    b. The stipulation of facts which are not disputed;
    c. A final witness list containing the names, addresses and brief summary of the testimony of each witness the party will call. A person not listed on this list may not testify during the party's case-in-chief;
    d. A final exhibit list containing a description of all exhibits to be offered at trial. Exhibits not listed on this list may not be offered during the party's case-in-chief. Each exhibit shall be marked and the list shall identify the exhibits by their letters or numbers. All pages of each exhibit shall have Bates stamped page numbers. *The plaintiff shall designate all exhibits by number and the defendant shall designate all exhibits by letter.* ***Naming exhibits***: Exhibits shall be identified as required in paragraph 11.d. above, with the submitting party's name or an abbreviated form of that name added after the number or letter of the exhibit.

For example:

1-ABC CORP

2-ABC CORP

A-SMITH
B-SMITH

e. A list of depositions to be offered at trial;
f. A trial memorandum containing a complete chronology of the party's version of the facts and a complete statement of the law on which the party relies;
g. Proposed Findings of Fact and Conclusions of Law.

12. On or before March 16, 2027, counsel shall deliver to my chambers the ORIGINAL PLUS TWO COPIES of the pre-marked exhibits (not including copies for counsel). Each of the three sets of exhibits MUST BE BOUND IN A THREE RING BINDER, with each exhibit in each bound set PRE-MARKED AND INDIVIDUALLY TABBED.

13. Private Information. To avoid the inadvertent disclosure of private data and other sensitive information, counsel and parties unrepresented by counsel shall refrain from eliciting or mentioning during trial or including in exhibits or any other submissions required by this order any of the following restricted information, except in the manner noted:

a. Social Security numbers: use only the last four digits;
b. Financial account numbers: use only the last four digits;
c. Names of minor children: use only initials;
d. Dates of birth - use only year of birth; and
e. Home addresses of witnesses - use only city and state of residence.

If restricted information is mentioned in court, counsel or parties may ask to have it stricken from the record or partially redacted to conform to the judiciary's privacy policy.

14. In the event of a settlement, each party has an independent obligation to notify the calendar clerk within 24 hours after a settlement agreement has been reached. Unless the Court orders otherwise, the settlement documents shall be filed within ten (10) calendar days after oral notice of the settlement.

15. The dates fixed in this order are mandatory. Deadlines shall not be extended except by court order.

16. Failure to timely comply with this order may result in the imposition of sanctions under Bankruptcy Rule 7016 and Fed. R. Civ. P. 16(f).

17. Fed. R. Civ.P. 26(a)(1), (a)(3) and (f) do not apply in this proceeding.

Dated: *October 26, 2026*

*s/ Katherine A. Constantine*
Katherine A. Constantine
Chief United States Bankruptcy Judge