**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

MARK MATTHEW ERJAVEC,

Debtor.

Case No. 26-41492

Chapter 7

KRISTEN PROPERTY MATTERS, LLC,

Plaintiff

v.

MARK MATTHEW ERJAVEC,

Defendant.

Adv. Proc. No. 26-04121

## ORDER FOR APPEARANCE AT MEDIATION

1. Mediation in this adversary proceeding will be held on **Monday, December 7, 2026, at 9:30 a.m.** before Judge William J. Fisher. The parties shall appear and negotiate in good faith. **Counsel and their clients** must plan on being available the entire day of this mediation.

2. The following parties shall appear at the mediation: (1) the Defendant Mark Matthew Erjavec; and (2) an authorized representative of Plaintiff Kristen Property Matters, LLC, and its counsel, David J. S. Madgett. **All party representatives shall attend mediation with full settlement authority and discretion**. **In all cases, the party representative should not be in-house counsel directing the litigation**. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the mediation. **If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied**. **Similarly, if the party representative must contact another person for approval**

**prior to agreeing to a settlement, this requirement is not satisfied**. Any failure to comply with the spirit of this directive will constitute a violation of FED. R. CIV. P. 16(f) (incorporated BY FED. R. BANKR. P. 7016).

3. Each attorney shall submit to the undersigned on or before **Monday, November 30, 2026** a confidential mediation statement, of not more than two pages, setting forth: (1) a brief history of the parties' prior attempts to settle the case and their respective settlement positions; (2) a computation of the amount in dispute; (3) a reasoned analysis justifying their client's last stated settlement position, including their assessment of their best and worst alternatives to a negotiated agreement; (4) a description of any perceived hindrances or obstacles to productive settlement negotiations as well as any other information that may be helpful to the Court; and (5) the name and position of each person who will attend the mediation. The mediation statements are for the Court's use only and need not be served on opposing counsel and should not be filed or docketed. Counsel shall e-mail their confidential mediation statements to chambers at the following address: **wjfchambers@mnb.uscourts.gov**.

4. Because the Defendant is appearing without counsel, the Defendant shall personally submit a confidential mediation statement by the same deadline of **Monday, November 30, 2026**. The Defendant's statement need not contain legal analysis and may be written in ordinary language. The Defendant should briefly describe the Defendant's settlement position, the result the Defendant hopes to achieve through mediation, any prior settlement discussions, any amount the Defendant believes is in dispute, what the Defendant believes may occur if the matter is not settled, and any circumstances the Defendant believes may assist the Court in facilitating a resolution. The Defendant's statement shall not be filed or served and may be submitted to chambers via email at the following address: **wjfchambers@mnb.uscourts.gov**.

5. The mediation will be conducted in a confidential manner. The Mediator will not disclose any information learned at the mediation to the judge assigned to preside over this matter on its merits. The Mediator will maintain the full confidentiality of all information obtained in private, unless authorized by any party to make disclosure of the information to the other party.

6. The parties are advised that after receipt of the mediation statements the Court may, in its discretion, contact counsel for the parties jointly or *ex parte* solely for the purpose of assisting the Court's preparation for the mediation.

7. Mediation is a compromise negotiation for the purposes of the federal and state rules of evidence. It constitutes a privileged communication under state law. The entire mediation process is confidential. No stenographic, visual, or audio record will be made, except for the record of appearances made at the beginning of the mediation, and of any settlement that is placed on the record. All conduct, statements, promises, offers, views, and opinions, whether oral or written, made in the course of mediation by any party, their agents, employees, representatives, or other invitees, or by the Mediator are confidential. All such shall be deemed to be privileged, in addition and where appropriate. Such content shall not be the subject of future discovery, and will not be admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. They shall not be disclosed to anyone not an agent, employee, expert, witness, or representative of any of the parties. The only exception shall be that evidence otherwise discoverable or admissible is not excluded from future discovery or admission as a result of its use in the mediation. The undersigned shall not be called as a witness by any party in any matter related to this proceeding.

8. The Mediator may evaluate legal or factual claims and speculate as to possible outcomes. However, the parties must understand and agree that the Mediator is not giving legal

advice. The parties must only rely on the legal advice of their attorney.

9. Parties may seek a transcript of any agreement that is placed on the record. The transcript will not be placed on the docket.

10. The parties and their counsel are free to wear comfortable and casual clothing.

11. Failure of any party or counsel to comply with any part of this Order may result in the postponement of the mediation and/or imposition of an appropriate sanction on the party, company, or attorney who failed to comply.

12. This Mediating Judge is being appointed because of a judicial position as, and to act in the specific capacity as, a United States Bankruptcy Judge. By serving as a mediating judge, the Mediating Judge performs judicial duties. *See*, *e.g.*, 28 U.S.C. § 651; FED. R. CIV. P. 16(a)(5), (c)(2)(I); FED. R. BANKR. P. 7016; Local Rule 9019-2; Code of Conduct for United States Judges, Canon 3(A)(4)(d). As such, the Mediating Judge and all persons assisting the Mediating Judge will have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to the Mediating Judge's role as mediating judge.

**BY THE COURT:**

s/ William J. Fisher

Dated: *November 4, 2026*

William J. Fisher
United States Bankruptcy Judge